# H. C. BAY COMPANY *v.* KRONER.

[No. 12,162.   Filed October 28, 1925.]

1. MASTER AND SERVANT.—*Employee wrongfully dismissed may recover salary for remainder of term less what he could have earned during such time.*—An employee who is wrongfully dismissed before the expiration of the term of his employment is entitled to recover his salary for the remainder of his term, less whatever he might, by reasonable efforts, have earned during that time.   p. 543.

2. APPEAL.—*Insufficiency of evidence to sustain one paragraph of complaint does not require reversal where record shows verdict on other paragraph.*—Where a complaint by an employee against his employer consisted of two paragraphs, one for damages for breach of the contract by his wrongful dismissal and the other for compensation for extra services, the fact that there was no evidence of the value of the services, does not require the reversal of a judgment for the plaintiff where the record shows that the recovery was on the paragraph for breach of contract.   p. 543.

3. MASTER AND SERVANT.—*Good faith required of employee to carry out his contract of employment and compliance with directions of employer.*—An employee must honestly and in good faith carry out the contract of employment as he understands it, and comply with his employer's requirements and directions as to the method and manner of doing the work.   p. 544.

4. MASTER AND SERVANT.—*Instruction as to employee's duty to co-operate with his employer in carrying on the work, "as the employee understood," was not error in view of other instructions.*—In an action for wrongful discharge of a servant before expiration of term of employment, an instruction that if plaintiff refused to co-operate with his employer to the best interest of the defendant "as plaintiff understood it," the defendant had the right to discharge him, was not error in view of other instructions as to the duty of an employee and employer's right to discharge employee for disobedience and other causes.   p. 544.

5. APPEAL.—*No question presented as to exclusion of evidence where the questions, offer to prove, and exceptions not set out in appellant's brief.*—No question is presented as to the action of the court in refusing to permit witnesses to answer certain questions where the appellant has not set out in his brief the questions asked the witnesses, and no reference is made to the place in the record where the questions, together with the

offers to prove and the exceptions, if any, may be found, as the court will not search the record to discover grounds for reversal.   p. 545.

6.   APPEAL.—*Exclusion of evidence not reviewed unless offer to prove shown.*—Action of the court in excluding evidence will not be reviewed where appellant's brief does not show any offer to prove what it was proposed to prove if the witness were allowed to answer the questions.   p. 545.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Charles H. Kroner against the H. C. Bay Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*   By the court in banc.

*Charles E. Sturgis, Robert W. Stine* and *Elmer D. Sturgis,* for appellant.

*F. A. Wiecking, W. H. Eichhorn* and *John H. Edris,* for appellee.

MCMAHAN, J.—Complaint by appellee in two paragraphs.   The first seeks to recover damages for an alleged breach of a written contract of employment by reason of a wrongful discharge before the expiration of the tenure of employment.   The second paragraph is for compensation for extra services alleged to be due for working overtime.

Appellant's answer consisted of:   (1) A general denial; (2) payment; (3) wilful misconduct on the part of appellee as justification for the discharge; and (4) admitting the discharge and alleging that appellee obtained other employment in which he earned a sum greater than he would have earned if he had not been discharged.   A reply closed the issues.   A trial by a jury resulted in a verdict and judgment in favor of appellee in the sum of $2,940.   The error assigned is the overruling of the motion for a new trial.   The specifications of this motion are that the verdict is not sustained by sufficient evidence, is contrary to law, the giving of an instruction, and the admission of certain evidence.

Appellant employed appellee for the period of one year at a weekly salary of ninety dollars. At the expiration of fourteen weeks, during which time appellee received his pay each week, he was discharged. Appellant contends that since appellee received and accepted the ninety dollars each week, and made no claim for extra time and without complaint, he cannot recover on the second paragraph of his complaint. It is also contended that there was no evidence as to the value of the alleged extra service, and that there can be no recovery on the second paragraph because of such failure to prove the value of such services.

The contention that there is no evidence as to the value of the alleged extra services must be sustained, and, for the purpose of this appeal, it may be conceded that the evidence is not sufficient to sustain a verdict on the second paragraph of the complaint. This, however, does not necessarily lead to a reversal. Unless appellee was guilty of misconduct sufficient to justify his dismissal, he was entitled to recover his salary for the balance of the year, less whatever he by reasonable efforts might have earned during that time. His salary under the contract for that part of the year remaining after his discharge amounted to $3,420. During that time, he earned and received for work he did for others $480. Deducting the $480 from $3,420 leaves $2,940, thus indicating that the verdict of the jury is founded on the first paragraph of the complaint and that nothing was allowed on the second paragraph for overtime. Several of appellant's witnesses testified to facts that if believed would have sustained a finding that the discharge was justifiable. Appellee, as a witness, denied the statements of appellant's witnesses who testified to such facts. The jury on the question of misconduct found in favor of appellee, and the evidence is sufficient to sustain that finding. The

total amount claimed by appellee in his second paragraph of complaint for overtime was $110. The amount of the verdict being for the exact amount for which appellee was entitled to a verdict under the first paragraph, if his discharge was not justifiable, and much more than he could under any state of the evidence have recovered under the second paragraph of complaint, it is clear that the verdict rests on the first paragraph alone. We hold the verdict is sustained by sufficient evidence and is not contrary to law.

Complaint is made of an instruction to the effect that, during the time stipulated in the contract of employment, appellant had the right to direct and control appellee in the performance of his services, and if appellee refused to co-operate to the best interest of appellant "as plaintiff understood it," appellant had the right to discharge him. Appellant contends that the expression, "as plaintiff understood it," limited the construction of the contract of employment to the construction which appellee placed thereon, while, as a matter of law, appellant, as employer was entitled to judge as to whether appellee's conduct was sufficient to justify his discharge. Appellant in its answer alleged wilful misconduct on the part of appellee as a justification for his discharge. We are of the opinion that the contract of employment required good faith on the part of both employer and employee in their conduct toward each other. Appellee was required to honestly and in good faith carry out the contract as he understood it and the requirements of his employer in the method, manners, etc., of doing the work which he was employed to do, so as to carry out the work to the best interest of the employer. This, in our judgment, should be the rule in the absence of any directions from the employer. Of course, an employer has the right to

the control and management of his business, and when he gives directions as to how his business shall be conducted and the manner in which his employees shall do their work, it then becomes the duty of the employees to do, and perform their work in accordance with the directions of the employer. The court, in other instructions given on its own motion and at the request of appellant, fully and correctly instructed the jury as to the duty of an employee and the right of the employer to discharge an employee who refuses to obey or submit to the directions of the employer, or who so conducts himself as to make it difficult for the employer or his superintendent in charge of the employer's business to control the employee in the performance of his duties. The jury was also instructed that if appellee wilfully conducted himself toward his coemployees, and others employed in appellant's factory so as to materially lessen the efficiency of the factory and the work therein, appellant had the right to discharge appellee and terminate the contract of employment. Considering the instructions as a whole, appellant has no reason for complaint because of the giving of the instruction in question. In *Macauley* v. *Press Pub. Co.* (1918), 222 N. Y. 696, 119 N. E. 1055, cited by appellant, it appeared that the employee had frequently and almost habitually violated the orders of his employer.

Complaint is also made of the refusal of the court to permit certain witnesses called by appellant to answer certain questions asked each of them on direct 5, 6. examination. Appellant in its recital of the evidence has wholly failed to set out the questions asked the witnesses. No offers to prove are shown. No reference is made to the place in the record where the questions, together with the offers to prove and the exceptions, if any, to the action of the court can be found,

and we decline to search the record in order to discover grounds for reversal.

No reversible error being shown, the judgment is affirmed.