KESERICH v. CARNEGIE–ILLINOIS STEEL CORPORATION.

No. 9303.

Circuit Court of Appeals, Seventh Circuit.

Oct. 11, 1947.

Alexander M. Campbell, U. S. Atty., of Ft. Wayne, Ind., James E. Keating, Asst. U. S. Atty., of South Bend, Ind., and Gilmore S. Haynie, Asst. U. S. Atty., of Ft. Wayne, Ind., for appellant.

Paul R. Conaghan, of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The petitioner brought an action under the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A. Appendix, § 308, to be restored to his former position

and to be reimbursed for loss of wages due to his alleged wrongful discharge. The District Court found for the respondent and dismissed the petition. From this judgment the petitioner has appealed. He contends that his status was changed within the year after his return from military service and that he was discharged without cause.

The court concluded that the petitioner was discharged for cause within the meaning of the statute. The court found that he was an employee of the respondent from 1933 to October 9, 1942. On the latter date he was inducted into the United States Army, in which he served until he was honorably discharged on October 2, 1945. On October 13, 1945 he applied to the respondent for reemployment and was reemployed November 13, 1945 at his old job. When he entered service he was an assistant loading foreman in the mill yard.

The petitioner's duties involved the supervision and expediting of the loading of steel. The steel was sometimes hot, and he had to be on the lookout for fires. On January 11, 1946 he was informed by the respondent that a strike in the steel mills was imminent, and he was asked to remain in the plant during the strike. This he agreed to do. The strike started January 20, 1946 and lasted until February 17, 1946. During this time all entrances to the plant were picketed, and no supervisors were allowed to enter or leave through the picket lines without risking bodily harm. About noon on January 20 the petitioner reported at the plant to be assigned to work, as requested by his superiors. At 10:30 that evening he was assigned as a watchman to look out for fires and to see that prowlers did not make away with any tools or other property. He remained on watch until 8 o'clock the next morning when, without being relieved, he left his post and notified his general foreman that he was going home. The foreman told him that other foremen who had gone home before the strike began could not get back in through the picket lines; that if he went out, the pickets would prevent his return; and since he was in the plant, he should stay. The petitioner left the plant and went home. He was unable to get back in through the picket lines that night and never came back inside the plant for duty during the strike. On February 14, 1946 he was suspended and later discharged by the respondent for failure to perform the duties assigned him during the strike.

Not only did the mills have to be guarded against fire, explosion, and depredation during the strike, but a part of the plant had to be operated to produce and supply gas to the city of Gary and power to the city's waterworks. The petitioner did not belong to the union that was striking. He was a foreman, and as such his employer had a right to look to him for the performance of whatever lawful and reasonable tasks were assigned to him to protect and preserve his employer's property during the emergency of the strike. He did not ask to be excused when told before the strike what would be expected of him if a strike was called. After the strike had been called, he entered upon the duties assigned him but deserted his post before relief arrived and left the plant with knowledge that he would not be permitted by the pickets to reenter. He took a chance by leaving the plant over his employer's protest. He did not advise his superiors that he was physically unable to perform the work assigned to him, nor did he claim illness. The chance he took turned out against him and to the detriment of his employer.

For this conduct, the petitioner was discharged. The basis of the respondent's action was such as a fair-minded person might act upon. It was not a mere excuse or an arbitrary action to avoid the provisions of the statute. The cause intended by the statute does not have to be a legal cause. It may be such cause as a fair-minded person may act upon, and where such action is not arbitrarily taken with a purpose or as an excuse to avoid the statute, it is cause within the meaning thereof. We think the respondent had cause for the discharge of the petitioner within the meaning of the statute.[1] In addition, the failure of an employee to obey the lawful and reasonable instructions of his employ-

---

[1] See Basham v. Virginia Brewing Co., D.C., 66 F.Supp. 718, 719.

er has been recognized in Indiana as cause for dismissal. H. C. Bay Co. v. Kroner, 83 Ind.App. 541, 544, 545, 149 N.E. 184, 185; Rogers et al. v. Rogers et al., 70 Ind. App. 659, 668, 122 N.E. 778, 780. The conduct of the petitioner in the instant case gave the respondent a legal cause for his discharge if one were needed.

■ The contention that the petitioner's status had been changed is without merit. He was still a foreman. An emergency had made it necessary for the respondent to look to the petitioner-foreman as one upon whom it could rely to protect its property. This was not a change of status but an enlargement of the duties and responsibilities of a foreman due to an emergency.

We find no error in the record, and the judgment of the District Court is affirmed.